UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAXWELL ESCABUSA
ACIERDA,

    Petitioner,

v.                                        Case No. 3:18-cv-1243-J-32JRK

JEFF B. SESSIONS,
et al.,

    Respondents.

## **ORDER**

    Petitioner Maxwell Escabusa Acierda, a native and citizen of the Philippines, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 19, 2018. See Doc. 1 (Petition).

    Acierda contends that the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) has unlawfully detained him for more than ninety days awaiting deportation or release. See Doc. 1 at 1-3 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). He states ICE took him into custody on June 11, 2018, and an immigration judge entered an order of removal on August 3, 2018. Doc. 1 at 2.

    After an order of removal is final, ICE is required to make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. In Zadvydas, the Supreme Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. As such, "[a] six-month custodial

period of time following the order of removal must have elapsed **prior to** the filing of a habeas petition challenging confinement under Zadvydas." Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n.3 (11th Cir. 2002)) (emphasis added). See also Aleman v. Jeff Sessions, No. 3:18-cv-1129-J-32JBT (M.D. Fla. Sept. 24, 2018); Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *1 (M.D. Fla. May 5, 2011) (unpublished) (recognizing Eleventh Circuit determined six-month period must have expired at time the petition raising Zadvydas claim is filed).

Acierda has been in ICE custody for approximately four months. Therefore, Acierda's request is premature. If Acierda remains in ICE custody for more than six months, he can file a Petition for Writ of Habeas Corpus at that time.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. If Acierda appeals the dismissal of the case, this Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)

2

is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Maxwell Escabusa Acierda, A# 089-203-443

---

(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

3